**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4503
_____

ALWYN C. FORDE,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A042-973-638)
Immigration Judge:  Honorable Mirlande Tadal

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 6, 2014
Before:  JORDAN, COWEN and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 12, 2014)
_____

OPINION
_____

PER CURIAM

Pro se petitioner Alwyn Forde has filed a petition for review purportedly

challenging an order of the Board of Immigration Appeals (BIA) denying his motion for

reconsideration. For the reasons detailed below, we will dismiss the petition for review in part and deny it in part.

Forde is a citizen of Guyana. He was admitted to the United States as a lawful permanent resident in 1991. Subsequently, however, he pleaded guilty to possession with intent to distribute marijuana within 1,000 feet of a school in violation of N.J. Stat. Ann. § 2C:35-7, and the Department of Homeland Security charged him with being removable as an alien who had been convicted of a controlled-substance violation, see 8 U.S.C. § 1227(a)(2)(B)(i), and an aggravated felony, see § 1227(a)(2)(A)(iii).

Forde denied removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT), claiming that he would be persecuted and tortured if he was removed to Guyana because deportees there are routinely mistreated. An Immigration Judge (IJ) concluded that Forde's conviction qualified as an aggravated felony, and thus found that Forde was removable. Further, the IJ ruled, Forde's conviction constituted a particularly serious crime that rendered him ineligible for asylum, see 8 U.S.C. § 1158(b)(2)(A)(ii), or withholding of removal, see § 1231(b)(3)(B)(ii). Finally, the IJ ruled that Forde had failed to show that he was entitled to CAT relief. On May 3, 2013, the BIA dismissed Forde's appeal. Before the BIA, Forde argued that his conviction did not qualify as an aggravated felony. The BIA rejected that argument on the merits, and then concluded that the conviction foreclosed Forde's requests for asylum and withholding of removal. The BIA further ruled that

2

Forde had failed to raise, and consequently waived, any challenge to the IJ's disposition of the CAT claim.

Forde did not file a petition for review as to the BIA's May 3, 2013 order. Instead, on September 3, 2013, Forde, who up to this point had been represented by counsel, filed a one-page pro se motion to reconsider. In this motion, he alleged, with scant detail, that his counsel had been ineffective for failing to present argument concerning the CAT claim on appeal to the BIA, and that "the Board erred in its 5/3/13 decision to dismiss his appeal." On October 15, 2013, the BIA denied the motion, for reasons that will be detailed below. On November 12, 2013,[1] Forde filed a petition for review as to that order.

Forde's instant petition for review is timely as to the BIA's October 15, 2013 denial of his motion to reconsider, but not as to the BIA's May 3, 2013 order in the underlying case. See 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal."). Thus, we have jurisdiction to review the BIA's denial of Forde's motion for reconsideration, but not the BIA's initial final order of removal. See Stone v. INS, 514 U.S. 386, 405 (1995); Castro v. Att'y Gen., 671 F.3d 356, 364 (3d Cir. 2012).

The BIA denied Forde's motion for reconsideration because it was untimely, see 8 U.S.C. § 1229a(c)(6)(B) (providing that motions for reconsideration must be filed within

---

[1] Because Forde is incarcerated, we deem his petition filed on the date that he deposited it

30 days of initial order), failed to identify any error in the BIA's prior decision, and improperly tried to resurrect his waived CAT claim. In his appellate brief, Forde has not challenged those conclusions in any way. Therefore, he has waived any argument regarding the BIA's denial of his motion for reconsideration, see Khan v. Att'y Gen., 691 F.3d 488, 495 n.4 (3d Cir. 2012), and we will deny the petition for review to the extent that it concerns that order.

Meanwhile, Forde does argue at some length that the BIA erred in holding that his state conviction qualified as an aggravated felony. That claim, however, was not at issue in the BIA's order denying his motion for reconsideration, and instead represents a frontal attack on the BIA's initial May 3, 2013 order. We thus lack jurisdiction to review this claim, and will dismiss the petition for review insofar as it challenges the BIA's May 3, 2013 order. See Stone, 514 U.S. at 405.

Accordingly, we will dismiss Forde's petition for review in part and deny it in part.

---

in the institution's internal mailing system. See Fed. R. App. P. 25(a)(2)(C).